**MEMO ENDORSED**

Oluwasola Law
NEW YORK, NY & LOS ANGELES, CA
108 W 39th Street, Ste 1006, New York, NY 10018

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

October 12, 2026

**VIA ECF**

Hon. Valerie Caproni United States District Court Southern District of New York
500 Pearl Street, Courtroom 20C
New York, NY 10007

***Re: Defendants Motion to Seal Filed on October 9, 2026 in the matter Alexis Igwe v. Zocdoc, Inc., Kylie Gao, and David Suchmann (Case No. 1:26-ev-08793)***

Dear Judge Caproni,

I hope that this message finds you in peace.

Ms. Alexis Igwe ("Ms. Igwe" or "Plaintiff"), through Undersigned Counsel Omobolaji Oluwasola, Esq. of OLUWASOLA LAW, files the present letter motion pursuant to Your Honor's Individual Rules of Practice 2(A) and 5(B), as well as in response to Defendants ZocDoc Inc., Kylie Gao, and David Suchmann's letter motion filed on October 9, 2026 ("Defendants' October 9th Letter"). *See* ECF #4.[1]

For the reasons outlined in Defendants' October 9th letter, Ms. Igwe respectfully requests the sealing of the following documents attached to her Verified Complaint:

◦ Dkt. No. 1-3 and 3-3 at 13-25 containing a complete copy of Zocdoc's 2024 Benefits Summary.

◦ Dkt. No. 1-4 and 3-4 at 8, 26-27 containing Slack messages between Ms. Igwe and Ms. Gao, which contain confidential information concerning Zocdoc's strategy and product roadmap (Page 8) and Zocdoc's anticipated plans/strategy concerning planned search & booking features (Pages 26-27).

◦ Dkt. No. 1-6 and 3-6 containing a complete copy of Zocdoc's spend management strategy and roadmap for 2025, including highly confidential information concerning Zocdoc's product strategy.

[1] Defendants correctly stated that I informed them that I was traveling internationally with the expectation that I would have little to no access to the internet until October 19, 2026. Unfortunately, those travels have now been cut short.

According to Defendants in the October 9th letter,

> The public dissemination of Zocdoc's 2025 spend management strategy and roadmap (Dkt. No.1-6) and the portions of the Slack messages between Plaintiff and Ms. Gao discussing that business strategy (Dkt. No. 1-4 at 8, 26-27) would cause Zocdoc competitive harm. *See GoSMiLE, Inc. v. Dr. Jonathan Levine*, D.M.D. P. C., 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (sealing documents containing the defendants' marketing strategies, product development, costs and budgeting information).

ECF #4.

Given its relevance to the present case, Ms. Igwe respectfully requests that Your Honor please take judicial notice that Dkt. No. 1-6 and 3-6 (Exhibit F) that Defendants now claim as "a complete copy of ZocDoc's spend management strategy and roadmap for 2025" (*See* ECF #4) is a document that Ms. Igwe has in her possession and produced to Undersigned Counsel because it was authored solely by Ms. Igwe as her ZocDoc work product ("Ms. Igwe's Work Product") while she was in the Spend Management Role prior to her termination. Ms. Igwe and Undersigned Counsel have only now learned, as a result of Defendants' October 9th letter, that Defendant ZocDoc has implemented Ms. Igwe's Work Product as its official strategy such that it is valuable enough to warrant sealing. If the Court is unable to take notice of this fact, Ms. Igwe simply desires to draw the Court's attention to this fact as it directly contradicts any potential future arguments from Defendants that Ms. Igwe underperformed or was unqualified for her role at ZocDoc.

Per the ECF Notice issued on Wednesday, October 7, 2026, Ms. Igwe intends to refile her Verified Complaint on ECF. Please note that Ms. Igwe will also seal and/or redact the aforementioned documents at the time of refiling.

*Respectfully submitted,*

*/s/ Omobolaji Oluwasola, Esq.*______

Omobolaji Oluwasola, Esq.
OLUWASOLA LAW
108 W 39th Street
Ste 1006
New York, NY 10018
omobolaji@oluwasola.com
(443) 257-3910

*Counsel for Plaintiff*

Dated: October 12, 2026

Application GRANTED in part and DENIED in part. Plaintiff is hereby ordered to refile her Complaint and accompanying exhibits following the Court's sealing procedures as outlined in the Court's Individual Practices in Civil Cases Rule 5 and in accordance with the Parties' joint letter, *see* Dkt. 4.

The Court denies the request for judicial notice because the fact presented is neither one that is either generally known within the Court's territorial jurisdiction nor can it be accurately and readily determined based solely on Plaintiff's representation in the above letter. *See* Fed. R. Evid. 201.

The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 4 & 6.

SO ORDERED.

Valerie Caproni 10/13/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE